**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-34946** |
| | § | **(Chapter 13)** |
| **EDITH GUERRERO** | § | |

**BANKERS INSURANCE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, creditor Bankers Insurance Company ("Bankers") and files this Motion for Relief From The Automatic Stay (the "Motion") and in support thereof, would show the Court as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## II. BACKGROUND

2. On or about March 31, 2021, Edith Guerrero ("Debtor") granted Bankers a Deed of Trust related to a non-exempt property she owned that was located at L of 7-E1/2 of Lot 8 Block 998 ED of the Eastern – Blocks 951-1000 Subdivision to the City of Laredo, Webb County, Texas, otherwise known as 1820 Piedra China Street, Laredo, Texas 78043-4329 (the "Property").

3. In October 2025, Debtor violated the terms of the Deed of Trust. On March 16, 2026, Bankers sent Debtor Notice of Sale (the "April Foreclosure Notice"), informing Debtor that it was proceeding with foreclosure on the property. The April Foreclosure Notice is attached hereto as Exhibit 1. The foreclosure sale was scheduled to take place on April 7, 2026 at the Webb County Courthouse in Laredo, Texas. However, on April 4, 2026, a few days before the scheduled foreclosure sale, Debtor filed for Chapter 13 bankruptcy under Case No. 27-32290 (the "First

Bankruptcy Case"). Debtor's petition in the First Bankruptcy Case is attached hereto as Exhibit 2.

4. On May 18, 2026, the Chapter 13 Trustee, David G. Peake, filed the Chapter Thirteen Trustee's Motion to Dismiss (the "Motion to Dismiss") the First Bankruptcy Case for the following reasons:

(1) Debtor's failure to make payments under U.S.C. § 1326(a)(1);

(2) Debtor's failure to appear for the Meeting of Creditors on June 15, 2026;

(3) Debtor's failure to file her Federal Income Tax Return for 2023, 2024, and 2025, causing her to fail to meet her burden to show her Plan complies with 11 U.S.C. § 1322(a)(2);

(4) Debtor has caused unreasonable delay that is prejudicial to the Creditors;

(5) Debtor's failure to file completed Schedules A-J, SOFA & 122C;

(6) Debtor's failure to provide a copy of 2025 Tax Return to the Trustee;

(7) Debtor's failure to provide tax appraisals for all real property to the Trustee; and

(8) Debtor's failure to provide proof of social security number and identification to the Trustee. Debtor failed to respond to the Trustee's Motion to Dismiss. *See* Trustee's Motion to Dismiss attached hereto as Exhibit 3.

5. On May 20, 2026, because of Debtor's failure to address the numerous deficiencies outlined by the Motion to Dismiss and her overarching failure to meaningfully participate in the case, United States Bankruptcy Judge Christopher M. Lopez entered an Order of Dismissal in the First Bankruptcy Case and dismissed Debtor's First Bankruptcy case.

6. With Debtor's First Bankruptcy Case dismissed, Bankers proceeded to resume its enforcement of its remedies under the Deed of Trust and to reschedule its foreclosure sale on the Property. On June 12, 2026, Bankers provided Debtor with a new Notice of Sale, scheduling the foreclosure sale on July 7, 2026 (the "July Foreclosure Notice"). The July Foreclosure Notice is

attached hereto as Exhibit 5.

7. On July 7, 2026, the day of the foreclosure sale, Debtor not only emailed and called Bankers' counsel, but she filed her pro se Petition for Chapter Thirteen bankruptcy in the Southern District of Texas (the "Second Bankruptcy Case"). On July 8, 2026, the Court entered its Order regarding the Possible Future Dismissal of Case (the "Possible Future Dismissal Order"), outlining several deficiencies in Debtor's Second Bankruptcy Case, and ordering Debtor to file the following:

(a) the list of creditors and balance of the documents required by 11 U.S.C. § 521(a) within fourteen (14) days after the petition date;
(b) Form 106A/B, Schedule A/B (Property)
(c) Form 106C, Schedule C (The Property You Claim as Exempt)
(d) Form 106D, Schedule D (Creditors Who Have Claims Secured by Property)
(e) Form 106E/F, Schedule E/F (Creditors Who Have Unsecured Claims)
(f) Form 106G, Schedule G (Executory Contracts and Unexpired Leases)
(g) Form 106H, Schedule H (Your Codebtors)
(h) For 106I, Schedule I (Your Income)
(i) Form 106J, Schedule J (Your Expenses)
(j) Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy
(k) Form 122A-1, B, or C-1, as applicable to the chapter (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income)
(l) List of creditors in the form of a mailing matrix; and
(m) Copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the Debtor from any employer of the Debtor.

The Order is attached hereto as Exhibit 6.

8. Per the Court's Order, Debtor was required to file the foregoing information and documents or her case would be subject to dismissal. As of the date of filing this Motion, none of the deficiencies outlined in the Possible Future Dismissal Order have been satisfied and Debtor has not filed any pleading denying the existence of any of the listed deficiencies. She has repeated her past behavior: filing for bankruptcy relief only to avoid Bankers' foreclosure on the nonexempt

Property under the Deed of Trust, then not participating in the bankruptcy proceeding or otherwise following the Court's orders and instructions. Bankers seeks to put a stop to Debtor's dilatory tactics and abuse of this Court's time and resources.

## III. RELIEF REQUESTED AND BASIS FOR RELIEF

9. By this Motion, Bankers requests that the Court enter an order, pursuant to Sections 362(d)(4) and/or 362(d)(1) of the Bankruptcy Code, granting Bankers relief from the automatic stay in order to exercise its right to foreclose on the Property.

### A. Bankers Is Entitled to Relief from the Stay Under Section 362(d)(4).

10. Section 362(d)(4) states that the court shall grant relief:

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either
>
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> >
> > (B) multiple bankruptcy filings affecting such real property.

*See* 11 U.S.C. § 362(d)(4); *In re JCP Props., Ltd.*, 540 B.R. 596, 619 (Bankr. S.D. Tex. 2015). To be entitled to relief under Section 362(d)(4), Bankers must show three conditions are satisfied: (1) that the debtor's current bankruptcy filing is part of a scheme; (2) that the debtor's scheme was to delay, hinder, or defraud creditors; and (3) that the scheme involves either (A) a transfer of real property without the secured creditor's consent or court approval or (B) multiple bankruptcy filings affecting the real property at issue. *In re JCP Props.*, 540 B.R. at 619*; In re Machado*, No. 21-51329-MMP, 2022 WL 257396, at *7 (Bankr. W.D. Tex. 2022).

11. The court in *In re JCP Props.* determined the debtor's second bankruptcy filing, submitted on the eve of a scheduled foreclosure sale, was part of a scheme to delay and hinder the

creditor's ability to pursue its right to foreclose and lifted the stay under Section 362(d)(4). *In re JCP Props.*, 540 B.R. at 619-620. The *In re JCP Properties* court found that the debtor's conduct, "shows the very essence of a scheme to hinder and delay." *Id.*

12. The court in *In re Machado*, citing *In re JCP Properties*, arrived at the same conclusion where the debtor filed a second bankruptcy petition a few days before a scheduled foreclosure. *In re Machado*, No. 21-51329-MMP at *7. The court granted the movant creditor relief from the automatic stay pursuant to Section 362(d)(4). *Id.* at *8.

13. Here, Debtor has acted in the same bad-faith fashion as the debtors in *In re JCP Props.* and *In re Machado*. Debtor filed her first bankruptcy petition a few days before the first scheduled foreclosure on April 7, 2026. After the First Bankruptcy Case was dismissed, Bankers scheduled a second foreclosure sale on July 7, 2026. Debtor filed her second bankruptcy petition on the same day of the scheduled foreclosure. Debtor's multiple bankruptcy filings on the eve of, and even the same day as, two scheduled foreclosure sales are clearly part of a scheme to delay and hinder Bankers in its attempts to foreclose on the Property.

14. Based on the Debtor's bad faith actions, Bankers is entitled to relief from the automatic stay under Section 362(d)(4) and should be permitted to proceed with its foreclosure on the Property, which is not exempt from foreclosure.

**B. Bankers Is Entitled to Relief from the Stay Under Section 362(d)(1).**

15. The Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1); *see In re JCP Props.*, 540 B.R. at 613; *see also In re Machado,* No. 21-51329-MMP at *3. The Bankruptcy Code does not define "cause," and therefore, bankruptcy courts determine whether cause exists to grant relief from stay on a case-by-case basis. *In re JCP Props.*, 540 B.R. at 613. Bankruptcy courts have found that when a debtor has not filed for bankruptcy relief in good

faith, that action constitutes "cause" for lifting the stay to permit a creditor's foreclosure. *Matter of Little Creek Dev. Co.,* 779 F.2d 1068, 1072 (5th Cir. 1986). Indeed, courts have specifically found cause for relief from the stay where a debtor filed for bankruptcy to avoid foreclosure on real property. *In re JCP Props*, 540 B.R. at 616; *see also In re Machado* No. 21-51329-MMP at *4-5.

16. Here, Debtor has filed for Chapter 13 bankruptcy twice in the span of a few months, both times days or minutes in advance of scheduled foreclosure sales on the Property and in direct anticipation of those sales, for which Bankers provided Debtor with proper notice under Texas law. Debtor's repeated bankruptcy filings on the eve of the foreclosure sales is her clear attempt to abuse bankruptcy protections to avoid the foreclosure sale of the Property.

17. Moreover, the conditions of dismissal of the First Bankruptcy Case and Debtor's existing deficiencies in filing the Second Bankruptcy Case further demonstrate that Debtor has not filed bankruptcy in good faith. In the First Bankruptcy Case, her case was dismissed for Debtor's failure to attend the meeting of creditors, file required schedules with her petition, and provide documents required by the trustee. *See* Ex. 3 and Ex. 4. In this Second Bankruptcy Case, Debtor has again been cited for deficiencies and is again subject to dismissal based on her failure to file required documents and information per the Possible Future Dismissal Order. *See* Ex. 6. To date, none of the deficiencies identified in the Possible Future Dismissal Order have been cured.

18. Based on Debtor's bad faith actions, it is evident that she did not file for bankruptcy with any intention of repaying overwhelming debts or otherwise complying with the Bankruptcy Code. Rather, she is exploiting the bankruptcy process to evade the Banker's legitimate foreclosure on the Property. Debtor has not pursued bankruptcy in good faith, and Bankers respectfully requests that the Court find cause to lift the stay under Section 362(d)(1) to permit Bankers to

foreclose on the Property.

## CONCLUSION

WHEREFORE, Bankers respectfully requests that this Court enter an order modifying the automatic stay to the extent necessary to permit Bankers to foreclose on the Property, and granting Bankers any other and further relief that it is justly entitled to under equity or law.

Dated: August 10, 2026

Respectfully submitted,

By: /s/ Charles M. Gearing

Charles M. Gearing
Texas State Bar No. 24069774
cgearing@weaverjohnston.com

**WEAVER JOHNSTON & NELSON, PLLC**
12404 Park Central Drive, Suite 225-S
Dallas, Texas 75251
Phone: (972) 564-8977
Fax: (214) 217-4184

**ATTORNEY FOR CREDITOR BANKERS INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was delivered to the addressees on the attached mailing list by First Class U.S. Mail postage pre-paid and/or electronic mail thi10th day of August, 2026.

*/s/ Charles M. Gearing*
**CHARLES M. GEARING**

**Via First Class U.S. Mail:**
Edith Guerrero
26614 Ridgefield
Park Ln Cypress,
TX 77433
*Debtor*

**Via ECF:**

David G. Peake
One Sugar Creek Center Boulevard, Ste 300
Sugar Land, TX 77478
*Chapter 13 Trustee*

U.S. Trustee
Office of the US Trustee
515 Rusk Ave, Ste 3516
Houston, TX 77002